# United States District Court
# District of Massachusetts

WILLIAM L. HUNT,
    Plaintiff,

v.                                CIVIL ACTION NO. 08-10529-JLT

NORFOLK COUNTY
    SHERIFF'S DEPARTMENT,
        Defendant.

## PROCEDURAL ORDER

COLLINGS, U.S.M.J.[1]

Defendant Norfolk County Sheriff's Department ("NCSD") has filed a motion to dismiss plaintiff William L. Hunt's ("Hunt") amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (#26)  The defendant's primary argument is that the plaintiff's law suit is barred by operation of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, in that the plaintiff did not exhaust his administrative remedies prior to filing suit.

---

[1] This case was originally referred to Magistrate Judge Alexander, but upon her retirement in February, 2009, the case was referred to the undersigned. (#21)

The Supreme Court has made clear "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).  In view of this holding, a case in which a failure to exhaust would be shown in the complaint itself would be quite rare.  Since the Court is required to adjudicate a motion to dismiss by confining its review to the complaint itself, it would be equally rare that the Court could dismiss a complaint on grounds of failure to exhaust.

Nevertheless, presumably to establish its affirmative defense, the defendant has filed materials outside the four corners of the complaint (#26, Exh. 1 and 2) and the plaintiff has filed material in response thereto (#32).  As noted, such submissions cannot be considered in the context of a motion to dismiss.  However, even though the defendant has not filed an answer, the Court shall deem the affirmative defense of failure to exhaust administrative remedies to have been raised in this case.

Rather than recommending that the motion to dismiss be denied, the Court, *sua sponte,* hereby acts pursuant to Rule 12(d), Fed. R. Civ. P., and orders that NCSD's motion to dismiss be treated as a motion for summary

judgment in which the defendant contends that it s entitled to judgment on undisputed facts which underlie the affirmative defense of failure to exhaust.

Accordingly, the defendant is granted leave to file materials which comply with the strictures of Rule 56(e), Fed. R. Civ. P., in support of its request for the entry of judgment as a matter of law *on or before the close of business on Friday May 21, 2010*.  The plaintiff is granted leave to file materials that comply with the strictures of Rule 56(e), Fed. R. Civ. P., in opposition to the defendant's motion *on or before the close of business Friday June 4, 2010*.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: May 10, 2010.